IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 17, 2012

## PAUL DAVID CHILDS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2009-D-2874     Cheryl Blackburn, Judge**

**No. M2011-02560-CCA-R3-PC - Filed November 15, 2012**

The Petitioner, Paul David Childs, convicted of sexual battery, appeals from the summary dismissal of his pro se petition for post-conviction relief. The post-conviction court dismissed the petition on the basis that the Petitioner failed to provide any factual grounds in support of his claims for relief. The State concedes that the post-conviction court acted in error. Following our review, we reverse the order of summary dismissal and remand this case to the post-conviction court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court**
**Reversed and Case Remanded**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

David M. Hopkins (on appeal), Nashville, Tennessee, for the appellant, Paul David Childs.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Bret Thomas Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Petitioner was convicted by a Davidson County jury of sexual battery for conduct occurring in his hospital room with a Mental Health Cooperative employee in October 2008. See Tenn. Code Ann. § 39-13-505. He was thereafter sentenced on August 31, 2010, to two years of probation and required to register as a sex offender. He then filed a timely pro se petition for post-conviction relief.

On August 19, 2011, the post-conviction court entered an order finding that the Petitioner failed to set forth any factual grounds in support of his claims. As noted in the order, the Petitioner checked two possible grounds from the list contained on the pre-printed petition, specifically, the denial of effective assistance of counsel and newly discovered evidence. The court then determined that the Petitioner did not provide any factual bases for these claims, reasoning as follows:

> The four[-]page handwritten statement attached to the pre-printed petition only provides an explanation as to why he elected to file the petition for post-conviction relief at this time (instead of earlier), citing discussions with John Halstead of the Knox County Public Defender's Office (represented Petitioner in his Knox County case where Petitioner stated he received a sentence of nine months and nine days) as well as conversations with his sister who is employed by the Tennessee Attorney General's Office. Nowhere in the written attachment does Petitioner describe any factual basis for why he is alleging the Assistant Public Defender who represented him in the above-captioned Davidson County case was ineffective or what new evidence exists that may have changed the outcome of his Davidson County case.
>
> The only complaint that appears in the aforementioned written attachment is that Petitioner was transported to Knox County on June 3, 2011, after his Davidson County probation officer served him at his [h]ome. It appears from Petitioner's written statement that his concern is about being transported to Knox County rather than his conviction and sentence in the Davidson County case.

The post-conviction court permitted the Petitioner fifteen days to file a supplement to his petition.

In other words, the post-conviction court determined that the Petitioner failed to comply with the mandatory provisions of the post-conviction procedure statute, which reads:

> (d) The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an

amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

Tenn. Code Ann. § 40-30-106(d). Further, Tennessee Supreme Court Rule 28, section 5(E)(4), demands that "[t]he petition shall contain specific facts supporting each claim for relief asserted by petitioner." The rule further provides for dismissal of the petition without a hearing as the consequence for failure to provide the necessary specific factual allegations. Tenn. Sup. Ct. R. 28 § 5(F)(3).

Presumably in an effort to comply with the post-conviction court's order permitting supplementation of the petition within fifteen days, the Petitioner's sister filed an affidavit on September 2, 2011, styled "Affidavit of Phyllis A. Childs in Support of Petition for Relief from Conviction or Sentence." In the affidavit, Ms. Childs states that the Petitioner waived his "probable cause hearing" in exchange for a plea agreement arranged by his attorney. According to Ms. Childs, the plea agreement was later rejected by the trial court and no "probable cause hearing" followed. She stated that counsel advised her brother against having a preliminary hearing. No amended petition was ever filed.

On November 14, 2011, the post-conviction court entered an order summarily dismissing the petition. The court concluded that the Petitioner still had not provided sufficient facts in support of his grounds for relief, finding that he had not filed an amended petition and that his sister's affidavit did not satisfy his "statutory burden of providing a factual basis for his constitutional claims." The Petitioner filed a timely notice of appeal.

The State concedes error on appeal. According to the State, "the trial court erroneously summarily dismissed the post-conviction petition because an attachment to the petition contained facts to support allegations of ineffective assistance of counsel and newly discovered evidence." We agree.

In its August 19, 2011 order, the post-conviction court concluded that nowhere in

[t]he <u>four[-]page</u> handwritten statement attached to the pre-printed petition . . . does Petitioner describe any factual basis for why he is alleging the Assistant Public Defender who represented him in the above-captioned Davidson County case was ineffective or what new evidence exists that may have changed the outcome of his Davidson County case.

(Emphasis added). However, the post-conviction court failed to account for a fifth page attached to the petition in either of its orders.

The fifth page is titled "grounds of petition" and provides the following: "(1) Denial of effective ass[istance] of counsel: attorney waived prelimetory [sic] hearing without [Petitioner's] signined [sic] consent[; and] (2) Newly discovered evidence: video of victim and investigating officer that my attorney informed me he had in [h]is possesion [sic]. Statement made by investigator that conflicts with statements made by the victim—not shown to me (why I do not know) while in my attorney's possesion [sic]." The Petitioner continued, "Of course I know not for certain, without the aid of legal counsel other possible ineffectiveness. Possible violations concerning length of custody without arrainment [sic] or other hearing." The fifth page does not bear a separate file-stamp and is included in the index of the technical record. We see no reason apparent from the record to think that the fifth page was not attached to the petition when it was initially filed.

We agree with the State that, although scant, these allegations provide factual bases in support of the Petitioner's claims. Because the Petitioner provided sufficient factual support for his claims of ineffective assistance of counsel and newly discovered evidence, summary dismissal was improper. Upon remand, the post-conviction court shall enter an order as provided by Tennessee Code Annotated section 40-30-107 providing for appointment of counsel and filing of an amended petition.

In consideration of the foregoing, we reverse the post-conviction court's summary dismissal of the petition for post-conviction relief. The case is remanded to the post-conviction court for further proceedings pursuant to rule and statute.

_____
D. KELLY THOMAS, JR., JUDGE